UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                 :

SOCIETE ANONYME DAUPHITEX,      :             ECF CASE

                                 Plaintiff,      :             Civil Action No.:

           -against-                 :            07 CV 489 (RWS)

SCHOENFELDER CORPORATION,      :
SCH DPX CORPORATION, and          :
SCH ENTERPRISES, LLC,               :

                                Defendants.  :
-------------------------------------------------------X

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT'S SECOND CLAIM

WUERSCH & GERING LLP
Gregory F. Hauser (GH 3902)
100 Wall Street, 21st Floor
New York, New York 10005
(212) 509-4717

*Attorneys for Defendants*

Preliminary Statement

Plaintiff's new second claim, for successor liability, must be dismissed for one fatal (and insurmountable) defect: it fails to allege that the predecessor corporation has been dissolved. Under New York law, dissolution is an essential element of a claim such as plaintiff's that the allegedly liable successor company is a "mere continuation" of the predecessor corporation.

Facts

This is an action by plaintiff S.A. Dauphitex to enforce a French judgment in its favor against defendant SCH DPX Corp. f/k/a Schoenfelder Corporation. Dauphitex's amended complaint seeks to add Schoenfelder Enterprises LLC as an additional defendant on the ground of successor liability. This new claim's allegations are as follows:

21. On November 18, 2003, two weeks after commencing an action against the Plaintiff before the Commercial Court of Paris in the name of Schoenfelder, Enterprises was created pursuant to the Limited Liability Company law of the State of New York.

22. SCH transferred all of its assets to Enterprises.

23. Enterprises conducts the same children's clothing business as is conducted by SCH.

24. Enterprises owns all of the assets and good will of SCH.

25. Enterprises employs the same employees as SCH.

26. Enterprises operates from the same offices as is operated out of by SCH.

27. Enterprises has the same telephone number as SCH.

28. Enterprises has the same address as SCH.

29. Enterprises is operated by the same management who operates SCH.

30. Enterprises is operated by the same management who operates SCH.

> 31. Enterprises is ultimately owned by Joe Schoenfelder, the same ultimate owner of SCH.
>
> 32. As a result of the foregoing, Enterprises has successor liability and is responsible for the liabilities of SCH, including the debt owed to Dauphitex.

Of significance is the lack of an allegation that there has been assumption of any liability or that SCH DPX Corp. has been dissolved. This lack leaves the claim fatally deficient.

## Argument

"In ruling on a Rule 12(b)(6) motion, [the Court] accept[s] the allegations contained in the complaint as true and draw[s] all reasonable influence in favor of the non-moving party. . . . [C]onsideration is generally limited to the facts as presented within the four corners of the complaint, to documents attached to the complaint, or to documents incorporated within the complaint by reference." *Taylor v. Vermont Dep't of Education*, 313 F.3d 768, 776 (2d Cir. 2002). "A plaintiff must allege . . . those facts *necessary* to a finding of liability." *Amron v. Morgan Stanley Investment Advisors, Inc.*, 464 F.3d 338, 343 (2d Cir. 2006) (emphasis in original).

In New York, successor liability is a common law doctrine. A business entity's acquisition of assets from another, as alleged here (Am. Compl. ¶¶ 22 & 24), results in no successor liability with four exceptions: (1) express or implied assumption of liability; (2) consolidation or *de facto* merger of the two business entities; (3) the successor is a "mere continuation" of the predecessor; or (4) fraud. *Schumacher v. Richards Shear Co.*, 59 N.Y.2d 239, 245, 464 N.Y.S.2d 437, 440 (1983). The Second Circuit has recently found that New York adheres firmly to the traditional common law

limits on successor liability. *State of New York v. National Service Indus., Inc.*, 460 F.3d 201, 214-15 (2d Cir. 2006).

Plaintiff has alleged that SCH Enterprises is a "mere continuation" of SCH DPX Corp. (Am. Compl. ¶ 31). The claim, however, is insufficient because SCH DPX Corp. remains in existence. (Am. Compl. ¶¶ 3-4.) "The ["mere continuation"] exception refers to corporate reorganization, however, where only one corporation survives the transaction; the predecessor corporation must be extinguished." *Schumacher*, 59 N.Y.2d at 245, 464 N.Y.S.2d at 440. Survival beyond the asset transfer, even as a "meager" entity, defeats application of the exception. *Id.*; *accord Colon v. Multi-Pak Corp.*, No. 05 Civ. 3630 (RWS), 2007 U.S. Dist. LEXIS 19748, *14-15 (S.D.N.Y. March 8, 2007) (plaintiff's failure to dispute that transferor corporation continued to exist after transfer agreement defeated finding of "mere continuation"); *Marenyi v. Packard Press Corp.*, No. 90 Civ. 4439 (CSH), 1994 U.S. Dist. LEXIS 13923, *6 (S.D.N.Y. Sept. 30, 1994) ("a sale of assets does not fall under the mere continuation exception unless the predecessor corporation extinguishes itself after the sale"); *Diaz v. South Bend Lathe Inc.*, 707 F. Supp. 97, 100 (E.D.N.Y. 1989) ("If the predecessor corporation continues to exist after the transaction, in however gossamer a form, the mere continuation exception is not applicable."); *Sweatland v. Park Corp.*, 181 A.D.2d 243, 587 N.Y.S.2d 54 (4th Dep't 1992); *Gerhart v. Borg-Warner Corp.*, 6 Misc. 3d 749, 751-52, 788 N.Y.S.2d 579, 581-82 (Supr. Ct. Ontario Co. 2005) (mere continuation can only apply if "only one corporation survives the transaction").

Since plaintiff has not and cannot allege that SCH DPX was extinguished following the alleged transfer of assets to SCH Enterprises LLC, plaintiff's claim for

3

successor liability on a mere continuation basis fails to state a claim upon which relief can be granted as a matter of well-settled New York law.

Plaintiff has not asked for application of the *de facto* merger exception. Some New York federal courts treat it as a single exception with "mere continuation". *See, e.g., Colon*, 2007 U.S Dist LEXIS 19748 at *15. No New York State court decision has endorsed this approach. *See also Cargo Partner AG v. Albatrans, Inc*., 352 F.3d 41, 45 & n.3 (2d Cir. 2003) (while noting that "some courts" consider the two a single exception, holding that only the *de facto* merger exception and none of the other three was relevant, *i.e*., implicitly suggesting that the distinction should be maintained).

Even if the Court were to consider applicability of the *de facto* merger exception, plaintiff's successor liability claim still fails.

Successor liability until recently applied only to tort liability. While it has been extended to other liabilities, the *de facto* merger exception is strictly and narrowly applied in contract liability cases in contrast with a more flexible application sometimes seen in product liability cases. *Cargo Partner AG v. Albatrans, Inc.,* 352 F.2d at 46-48, *affirming id*., 202 F. Supp. 86, 111-12 (S.D.N.Y. 2002) ("The reasons for imposing expanded successor liability in the area of products liability are not germane to the claims of trade creditors."); *Washington Mutual Bank v. SIB Mortgage Corp*., 4 Misc. 2d 1001A, 791 N.Y.S.2d 874 (Supr. Ct. Kings Co. 2004) ("the considerations relevant to a contract case . . . are different from those involved in a tort case since commercial entities are generally presumed to have considered possible business failure and loss allocation when drafting the terms of a contract"), *aff'd*, 21 A.D.2d 953, 801 N.Y.S.2d 821 (2d Dep't 2005).

The *de facto* merger exception involves four factors: "(1) continuity of ownership; (2) cessation of ordinary business operations and the dissolution of the selling corporation as soon as possible after the transaction; (3) the buyer's assumption of the liabilities ordinarily necessary for the uninterrupted continuation of the seller's business; and (4) continuity of management, personnel, principal location, assets and general business operation." *Van Nocker v. A.W. Chesterton Co*., 15 A.D.3d 254, 256, 789 N.Y.S.2d 484, 486 (1st Dep't 2005).

While Dauphitex has alleged facts supporting factors (1) and (4), it has made no allegations supporting either factors (2) or (3), nor, as already noted, can it allege that the second factor is satisfied. As a result, the *de facto* merger exception cannot apply. *Peralta v. WMH Tool Groups, Inc.*, N. CV-04-3826 (CPS), 2005 U.S. Dist. LEXIS 4755, *11-12 (E.D.N.Y. Aug. 18, 2005) ("It is not enough that the predecessor corporation cease ordinary business operations. It must also be dissolved."); *Linens of Europe, Inc., v. Best Mfg., Inc*., 2004-2 Trade Cas. (CCH) ¶74,548 (S.D.N.Y. 2004) ("for either [the mere continuation or the *de facto* merger] exception to apply, it cannot be the case that *two* distinct corporate entities survive the predicate transaction"; emphasis in original); *Kingdom 5-K12-41, Ltd. v. Star Cruises PLC*, No. 01 Civ. 2946 (AGS), 2003 U.S. Dist. LEXIS 1766, *9-10 (S.D.N.Y. 2003) ("mere fact that [successor corporation] resolved to liquidate [predecessor] does not necessarily indicate that such liquidation will be executed in a manner that constitutes a *de facto* merger"); *Marenyi v. Packard Press Corp*., 1994 U.S. Dist. LEXIS at *5-7 (cessation of ordinary business and dissolution both required for there to have been a *de facto* merger).

Plaintiff's allegations are clearly insufficient to support application of the *de facto* merger exception. There is therefore no basis on which the claim for successor liability can stand.

## Conclusion

For the foregoing reasons, plaintiff's second claim, for successor liability, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and defendant SCH Enterprises LLC should be dismissed from this action entirely.

Dated: April 13, 2007

        Respectfully submitted,

        WUERSCH & GERING LLP

        By: /s/
           Gregory F. Hauser (GH 3902)
           100 Wall Street, 21st Floor
           New York, New York 10005
           212-509-4717

        *Attorneys for Defendants*